IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
WESTERN DIVISION

UNITED STATES OF AMERICA                                    PLAINTIFF

v.                      No. 4:11-cr-98-DPM-05

BRANDON DOWD                                                DEFENDANT

ORDER

Dowd's motion to sever, *Document No. 99*, is denied. Dowd argues that he may be hurt at trial by his unspecified family relationship to another defendant with closer involvement in the conspiracy. *Document No. 99, at 3*. But the Eighth Circuit has held that "[s]everance is never warranted simply because the evidence against one defendant is more damaging than that against another, even if the likelihood of the latter's acquittal is thereby decreased." *United States v. Hively*, 437 F.3d 752, 765 (8th Cir. 2006) (citation omitted). The facts are all interrelated here. *United States v. Mueller*, 661 F.3d 338, 348 (8th Cir. 2011). A joint trial not only conserves judicial resources, but gives the jury the "best perspective on all the evidence[.]" *Hively*, 437 F.3d at 765 (quotation omitted). And

conspiracy defendants should be tried together. *United States v. Lewis*, 557 F.3d 601, 609 (8th Cir. 2009).

Dowd's motion to dismiss the indictment, *Document No. 100*, is denied as well. The misidentification that Dowd stands on occurred during the warrant application process. He was found at the house. And the grand jury returned an indictment based on the fact he was found at the house. A drug-conspiracy indictment need not allege an overt act. *United States v. Covos*, 872 F.2d 805, 809 (8th Cir. 1989). It follows that none needed to be presented to the grand jury. If the evidence at trial would not permit a reasonable juror to convict Dowd, then the Court will direct a verdict of acquittal as to him. But the indictment stands.

So Ordered.

*DPMarshall Jr.*
D.P. Marshall Jr.
United States District Judge

4 April 2012